UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 10-5004 DSF (JCGx) | Date | 9/15/10 |
| Title | Stephen Henry, et al. v. Donald Trump, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING Defendants' Motion to Dismiss (Docket No. 7) JS-6

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons noted below, the Court GRANTS the motion.

## I. FACTUAL BACKGROUND

Plaintiffs allege that they twice sent Defendants an executive summary of their idea for a made-for-television professional golf contest, but never received a response. (Compl. ¶¶ 10, 12-14.) Plaintiffs then contracted with an entity called Andalusia to hold the contest at a golf course in La Quinta, California. (Id. at ¶ 14.)

After Plaintiffs made the agreement with Andalusia, they entered into negotiations with the U.S. Pro Golf Tour to televise the contest. (Id. at ¶ 17.) In June 2006 the parties finalized an agreement whereby the contest would be televised and designated as a "major championship." (Id. at ¶¶ 17, 23.) The agreement also gave the Tour the right to move the contest to Palm Beach, Florida. (Id. at ¶¶ 17, 22-23.) The Tour also informed Plaintiffs that the President of Trump Golf Properties had agreed to make it a "Trump event." (Id. at ¶¶ 21, 24.) Plaintiffs allege they began to use Trump logos and links on the event's website because the Trump Organization had "directed" them to do so. (Id. at ¶ 25.)

The agreement between Plaintiffs and the Tour ultimately fell apart, and the contest never took place. (Id. at ¶ 29.) On April 12, 2010, the Golf Channel Network premiered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

the Trump event "Fabulous World of Golf," which Plaintiffs allege is a "virtually identical concept" to their own idea. (Id. at ¶¶ 30-31.)

## II. LEGAL STANDARD

A Defendant may move to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. "Personal jurisdiction over a nonresident defendant is tested by a two-part analysis." Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994). "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." Id. "Second, the exercise of jurisdiction must comport with federal due process." Id. at 1404-05. Because California's long arm reaches as far as due process allows, see C.C.P. § 410.10, the Court need only consider whether the exercise of jurisdiction comports with due process.

It has long been settled that a court may exercise personal jurisdiction over a nonresident defendant only if he has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). In applying this standard, courts must decide whether: (1) a defendant has sufficient contacts with the forum; and (2) the exercise of jurisdiction is reasonable. Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1171 (9th Cir. 2006)

Personal jurisdiction may be either general or specific. See Helicopteros Nacionales De Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984). "A court may exercise specific jurisdiction where the suit arises out of or is related to the defendant's contacts with the forum and the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Tuazon, 433 F.3d at 1169 (internal quotation marks omitted).

General jurisdiction allows a court to exercise jurisdiction over a defendant even where the controversy is unrelated to the defendant's contacts with the state. Id. "The standard for general jurisdiction is high; contacts with a state must approximate physical presence[;] . . . a defendant must not only step through the door, it must also sit down and make itself at home." Id. (internal quotation marks and brackets omitted). Relevant factors include "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. at 1173. Because "[i]t is the nature and extent of the contacts that determines whether they are substantial or continuous and systematic," courts also look to "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets[.]" Id. (internal quotation marks omitted).

"Where . . . the existence of personal jurisdiction is challenged and the defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

appears specially to contest its presence in the jurisdiction, the plaintiff has the burden to come forward with some evidence to establish jurisdiction." District Council No. 16 of Int'l Union of Painters & Allied Trades, Glaziers, Architectural Metal & Glass Workers, Local 1621 v. B & B Glass, Inc., 510 F.3d 851, 855 (9th Cir. 2007). "Although the burden is on the plaintiff to demonstrate that the court has jurisdiction over the defendant, in the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks omitted).[1] "Additionally, uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." Id. (internal quotation marks omitted).

### III.  DISCUSSION

Because a "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)," Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007), the Court must first determine whether it has personal jurisdiction over Defendants.

#### A.  Plaintiffs Fail to Establish Personal Jurisdiction Over Trump

Defendant Donald Trump declares that he: (1) is a citizen and resident of New York; (2) does not have any employees or own any property in California; and (3) does not maintain an office or mailing address in California.  (Trump Decl. ¶ 2.)  Trump also declares that he does not have any "recollection of ever meeting or speaking with [Plaintiffs]" and that he "never negotiated with either of them on any business arrangement, never traveled to California for that purpose and never entered any kind of contract with them."  (Id. at ¶ 3.)

Although Plaintiffs do not contest these representations, they nevertheless argue the Court may exercise both general and specific jurisdiction over Trump.  They claim the Court may exercise general jurisdiction over Trump because of: (1) his television show "the Apprentice;" (2) his ties to the Miss California Pageant; (3) his dealings with Casinos he has had in California; (4) his brief 2000 Presidential Run; (5) his involvement

---

[1] Although it is in the Court's discretion to hold an evidentiary hearing, it is "preferable" that it not do so if jurisdictional facts are intertwined with the merits.  Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

in professional wrestling events in California; (6) his appearances in television commercials for Oreo cookies and Macy's; and (7) the books he has authored and sold throughout the country. (Opp'n at 5-6, 8-9; Pls.' Req. for Judicial Notice.) While there might be circumstances that would justify the exercise of general jurisdiction where a celebrity has earned millions from a forum, Plaintiffs have not met their burden here because: (1) they did not submit any admissible evidence to corroborate Trump's alleged extensive contacts with California;[2] and (2) they do not contest the representations made in Trump's declaration.

Plaintiffs argue that the Court may exercise specific jurisdiction over Trump under what is known as the *Calder*-effects test. Under this test, a Court may exercise specific jurisdiction over a defendant who does not have any physical contacts with the forum if the defendant (1) committed an "intentional act" that was (2) "expressly aimed" at the forum, and (3) the defendant knew, or should have known, the act would cause harm in the forum. Brayton, 606 F.3d at 1128 (internal quotation marks omitted).

The only "expressly aimed" act identified by Plaintiffs is a phone call between Plaintiff Stephen Henry and Gloria Amos, who purportedly worked for the "Trump National Golf Club." (Opp'n at 11-12; Henry Decl. ¶ 3.) But the Court sustains Defendants' objection that the call is inadmissible because: (1) it consists of out of court statements offered at least in part to prove the truth of the matter asserted; and (2) Plaintiffs have not shown Amos was authorized to speak for any of the Defendants. F.R.E. 801(c) and (d)(2), 802. Because Plaintiffs did not submit admissible evidence regarding the only act allegedly "expressly aimed" at California, they did not make a prima facie case for specific jurisdiction over Trump.

### B. Plaintiffs Fail to Show the Court May Exercise Jurisdiction Over Trump Organization, Inc.

Donald Trump, Jr., the Vice-President of the Trump Organization, Inc., declares that the Trump Organization: (1) is incorporated and headquartered in New York; (2) does not employ anyone in California; (3) does not own real property in California or maintain an office or mailing address here; (4) is not licensed or qualified to do business in California, and (5) does not have an agent for service of process in California. (Trump Jr. Decl. ¶¶ 2-4.) Trump Jr. also declares that the Trump Organization does not have a contract with either plaintiff. (Id. at ¶ 6.)

Plaintiffs contend that the Trump Organization is subject to general jurisdiction in

---

[2] The exhibits in Plaintiffs' request for judicial notice are inadmissible for the reasons noted in Defendants' objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

California because it owns a golf course in Los Angeles. However, the only evidence Plaintiffs submitted in support of this contention is inadmissible for the reasons noted in Defendants' objections. Plaintiffs, therefore, have not contradicted the representation that the Trump Organization does not own property in California, and have not made a prima facie case for general jurisdiction over the Trump Organization.

Plaintiffs argue the Court may exercise specific jurisdiction over the Trump Organization pursuant to the *Calder*-effects test, and again rely on the phone conversation between Henry and Amos. As already noted, the call is inadmissible. Plaintiffs also allege that the Trump Organization directed them to display Trump logos on the contest's website. Although Defendants do not contest this allegation, the allegation does not support an inference that the Trump Organization "expressly aimed" this act at California, or that it should have known the act would cause harm to Plaintiffs in California. For these reasons, Plaintiffs did not make a prima facie case for specific jurisdiction over the Trump Organization.

## C. The Court Cannot Exercise Jurisdiction Over a Non-Existent Entity

Trump Jr. also declares that Trump Golf Properties, LLC does not exist. (Trump Jr. Decl. ¶ 5.) Plaintiffs have not submitted anything to dispute this contention. The Court cannot exercise jurisdiction over a phantom party.

## IV. CONCLUSION

Defendants' motion is GRANTED. The complaint is dismissed without prejudice. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999).

IT IS SO ORDERED.